IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 3:23-cr-118-HTW-ASH

ATTARIAN CURTIS

ORDER

This matter is before the Court on a request of the Defendant for the appointment of different defense counsel based upon allegations set forth in his letter to this Court. (Docket No. 240). Based on the hearing conducted regarding these allegations, the Court finds them to be without merit. Therefore, the Defendant's request for the appointment of different counsel is denied.

The Defendant's *ore tenus* motion to sever and require the government to try him separately from the rest of his co-indictees is likewise without merit, including any part of the Defendant's *ore tenus* motion that would address a speedy trial consideration separate from the rest.

Defendant Curtis is charged with fourteen (14) other people in a conspiracy to possess with the intent to distribute controlled substances. There is a preference in the Federal system for joint trials of defendants. The Supreme Court has recognized the value of joint trials:

> Many joint trials … involve a dozen or more codefendants. … It would impair both the efficiency and the fairness of the criminal justice system to require … that prosecutors bring separate proceedings, presenting the same evidence again and again, requiring victims and witnesses to repeat the inconvenience (and sometimes trauma) of testifying, and randomly favoring the last tried defendants who have the advantage of knowing the prosecution's case beforehand. Joint trials generally serve the interests of justice by avoiding inconsistent verdicts and enabling more accurate assessment of relative culpability—advantages which sometimes operate to the defendant's benefit. Even apart from these tactical considerations, joint trials generally serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts.

*Richardson v. Marsh*, 481 U.S. 200, 209–10 (1987) (footnotes omitted).

"There is a preference in the federal system for joint trials of defendants who are indicted together." *Zafiro v. United States*, 506 U.S. 534, 537 (1993).  This is true "particularly when a conspiracy charge is involved." *United States v. Tarango*, 396 F.3d 666, 672 (5th Cir. 2005); *United States v. Pettigrew*, 77 F.3d 1500, 1517 (5th Cir. 1996) (citing *United States v. Neal,* 27 F.3d 1035, 1045 (5th Cir. 1994), *cert. denied*, 513 U.S. 1048 (1995)) ("persons indicted together should be tried together, particularly in conspiracy cases").

Joint trials 'play a vital role in the criminal justice system.'" *Zafiro*, 506 U.S. at 537 (quoting *Richardson v. Marsh*, 481 U.S. 200, 209 (1987)); *Kotteakos v. United States*, 328 U.S. 750, 773 (1946) ("when many conspire, they invite mass trial by their conduct"). "It is the rule, therefore, not the exception, that 'persons indicted together should be tried together, especially in conspiracy cases." *United States v. Pofahl*, 990 F.2d 1456, 1483 (5th Cir.), *cert. denied*, 510 U.S. 898, 114 S.Ct. 266, 126 L.Ed.2d 218 (1993) (citations omitted); *United States v. McRae*, 702 F.3d 806, 821 (5th Cir. 2012) (same).

When faced with a request for a continuance, whether consented to by the defendant or otherwise, courts should engage in an ends-of-justice analysis to determine whether a continuance should be granted and excluded under 18 U.S.C. § 3161(h)(7)(A). *See United States v. Beals*, 755 F.Supp.2d 757, 761-62 (S.D. Miss. 2010).  All of Defendant Curtis's coconspirators point to voluminous discovery in support of the need for additional time to prepare for trial.  The failure to grant such a continuance in this proceeding would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice  pursuant to 18 U.S.C. '3161(h)(7)(B)(i) and would deny counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence pursuant to 18 U.S.C. '3161(h)(7)(B)(iv).   The Court may exclude time under the Speedy Trial Act over a defendant's

2

objection when a continuance is necessary for a defendant's attorney to prepare adequately his defense. *United States v. Reid*, 2021 WL 11709775 (S.D.N.Y. June 17, 2021) (Courts have excluded time pursuant to the Speedy Trial Act, over a defendant's objection, where sufficient interests satisfied the "ends of justice" requirement of the Act; "[t]he ends-of-justice determination is ... entrusted to the court, not the parties").

The excludable delay incurred as a result of one codefendant's motion applies to the speedy trial computation of all codefendants. The excludable delay of one codefendant may be attributed to **all** defendants. *United States v. Westbrook*, 119 F.3d 1176, 1186 (5th Cir. 1997) (citing *United States v. Bermea,* 30 F.3d 1539, 1567 (5th Cir.1994), *cert. denied,* 513 U.S. 1156, 115 S.Ct. 1113, 130 L.Ed.2d 1077 (1995)) (emphasis added).

This Court has determined that granting the continuance of the trial date best serves the ends of justice, which outweighs the best interest of the public and the defendants in a speedy trial. 18 U.S.C. '3161(h)(7)(A). The Court denies any part of the Defendant's *ore tenus* motion that would raise a speedy trial consideration separate from the rest of the indicted coconspirators and requires the Defendant to stand trial with all of the other defendants in this case. Trial in this matter is continued and rescheduled to begin on August 5, 2024, in Jackson, Mississippi, and the period of delay shall be excluded in computing the time within which the trial of this matter commences in accordance with the Speedy Trial Act, 18 U.S.C. § 3161.

SO ORDERED, this the 31st day of May, 2024.

/s/HENRY T. WINGATE  
UNITED STATES DISTRICT JUDGE